**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JONATHAN E. ADAMS, II,**

      **Petitioner,**

      **v.**

**CHILLICOTHE CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

**CASE NO. 2:16-CV-00563**
**JUDGE MICHAEL H. WATSON**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

This case involves Petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on five counts of rape and three counts of unlawful sexual conduct with a minor. On January 18, 2012, the trial court imposed an aggregate term of fifteen years incarceration. On February 10, 2012, the trial court issued a corrected judgment entry. (Petition, Doc. 1, Ex. 4) Petitioner timely appealed, raising nine assignments of error. In a decision issued on November 1, 2012, the Tenth District Court of Appeals affirmed his conviction and sentence. *State v. Adams*, 2012 WL 5378210 (Franklin Co. App.

Nov. 1, 2012).  According to the records of the Ohio Supreme Court, which can be accessed online at http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2013/1452, Petitioner filed a *pro se* notice of appeal to the Ohio Supreme Court on September 10, 2013, which was significantly late.  It purported to be an appeal from a decision dated August 29, 2013, but the records of that court do not reflect any decision  made by the Court of Appeals on that date.  On October 23, 2013, the Ohio Supreme Court, construing the notice of appeal as a motion for a delayed appeal, denied the motion.  *State v. Adams*, 136 Ohio St.3d 1508 (Oct. 23, 2013).  In the memorandum which Petitioner filed in support of his petition, he asserts that his notice of delayed appeal was filed on March 12, 2013, but the records do not bear this out.

In the interim, Petitioner filed a motion to correct sentence with the trial court.  That motion, filed on October 2, 2013 (he actually submitted it some weeks earlier but it was not docketed until that date) raised issues about his sexual offender classification and about the imposition of consecutive sentences.  The trial court denied the motion, finding that *res judicata* barred these claims.  Petitioner appealed that decision as well, but in a decision dated March 12, 2015, the state court of appeals affirmed, agreeing with the trial court that all of the sentence-related claims were barred by *res judicata* because they could have been raised on direct appeal.  *State v. Adams*, 2015 WL 1120963 (Franklin Co. App. March 12, 2015).  That court also noted that Petitioner included, as an assignment of error, a claim that he received ineffective assistance of both trial and appellate counsel.  The court refused to consider these claims, holding that "because defendant did not raise the issue of ineffective

2

assistance of counsel in the trial court, he waived this issue for purposes of the instant appeal." *Id*. at *2. Petitioner's timely appeal of that decision to the Ohio Supreme Court, which he filed on April 24, 2015, was not accepted for review. *State v. Adams*, 143 Ohio St.3d 1407 (July 8, 2015).

On June 20, 2016, Petitioner filed this federal habeas corpus petition. He asserts that he was denied his right to effective assistance of counsel (claim one); denied due process because the state courts failed to merge all counts against him, violating the Double Jeopardy Clause (claim two); denied due process because the trial court failed to make requisite findings required by state law prior to imposition of consecutive terms of incarceration (claim three); unconstitutionally bound-over from juvenile to adult court (claim four); denied due process due to a fourteen-year delay in bringing charges (claim five); convicted in violation of the Double Jeopardy Clause because the trial court denied his motion to dismiss the indictment for failure to specify the dates of the charges alleged (claim six); denied due process based on the trial court's refusal to issue a special jury instruction on venue (claim seven); denied due process when the trial court refused to sever charges (claim eight); and denied due process because the trial court refused to issue a jury instruction on lesser included offenses (claim nine).

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

3

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on December 15, 2012, forty-five days after the state appellate court's November 1, 2012, dismissal of his appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002)). The statute of limitations began to run on the following day, and ran for a period of 270 days, until September 10, 2013, when Petitioner

filed a motion for a delayed appeal with the Ohio Supreme Court.  The Court assumes, for purposes of this decision, that the filing of his motion for leave to take a delayed appeal tolled the running of the statute of limitations.  While that motion was pending, Petitioner filed his motion to correct sentence.  It remained pending, including appeals, until July 8, 2015, when the Ohio Supreme Court dismissed the appeal of Petitioner's motion to correct sentence.  *See, e.g., Lawrence v. Florida*, 549 U.S. 327 (2007)(statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) only during the time that the state courts review the application).  Under this scenario, the statute of limitations began to run again on July 9, 2015, and expired 95 days later, on October 11, 2015.  Petitioner waited more than eight months later, until June 20, 2016, to sign his  habeas corpus petition.   That means that it was not filed on time.

As noted above, Petitioner says, in his supporting memorandum, that he actually filed his motion for leave to take a delayed appeal on March 12, 2013.  He has not attached a copy of that motion, and the Ohio Supreme Court's records do not show such a filing. The records of the Franklin County Court of Common Pleas show that on March 11, 2013, that court received a letter from Petitioner asking for some information so that he could file the appeal, but it also contains a copy of his motion for delayed appeal which is clearly file-stamped by the Ohio Supreme Court on September 10, 2013, and which Petitioner did not sign until August 29, 2013.  *See http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ caseSearch?wbPBKmLFyNnLbWmtpikk*.  Even if Petitioner is correct, the statute of limitations ran from December 15, 2012 until March 12, 2013, which is a period of 87 days, and then

started again on July 8, 2015. The remainder of the limitations period, 278 days (365-87 = 278 days), expired on April 11, 2016. Again, that makes the petition late by more than two months, although the correct calculation would seem to be the one using the official records from Franklin County and the Ohio Supreme Court in the absence of any document submitted by Petitioner showing that he actually filed his motion for a delayed appeal as early as March 12, 2013. In either case, the petition was not filed within the time limit set out in federal law in §2244(d).

The statute of limitations can be extended through the doctrine of "equitable tolling." However, the current record contains nothing suggesting that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010)(A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418). Consequently, Petitioner filed late, and the consequence of a late filing is dismissal.

It is worth noting that all of Petitioner's claims are probably procedurally defaulted as well, meaning that this Court could not review them on their merits even if the petition had been filed timely. First, the Ohio Supreme Court refused to entertain a delayed appeal of his conviction, meaning that all of the claims he presented on direct appeal were defaulted. *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), holding that an "Ohio Supreme Court entry denying [a] motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." The

claims he presented to the trial court were dismissed on *res judicata* grounds; that is also a procedural default which prevents a federal court from reviewing those claims.  His claim of ineffective assistance of counsel was raised for the first time on appeal, and rejected by the state court of appeals for that reason; that, as well, is a failure to follow state procedural rules and a default of the claim for federal habeas corpus review.  Consequently, had Petitioner filed this case timely, he still would not be entitled to any relief - this Court would be unable to review any of his claims on their merits due to his procedural defaults.

### III.  Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d)**.**

### IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge