UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jonathan E. Adams, II,

    Petitioner,

v.

Chillicothe Correctional
Institution,

    Respondent.

Case No. 2:16-cv-563

Judge Michael H. Watson

Magistrate Judge Kemp

## OPINION AND ORDER

On July 19, 2016, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 3. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 4. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 4, is **OVERRULED**. The Report and Recommendation, ECF No. 3, is **ADOPTED**.

The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), also noting that all of Petitioner's claims appear to be procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of the § 2254 petition as time-barred. Petitioner argues that the statute of limitations did not begin to run until July 8, 2015, when the Ohio Supreme Court declined to accept jurisdiction of the appeal of his motion to correct sentence. Petitioner also appears to argue that, because he claims that his convictions are void, the statute of

limitations has not expired. Petitioner asserts that equitable tolling of the statute of limitations is warranted because he suffers from a traumatic brain injury sustained during military service, and because he was denied the effective assistance of counsel. Petitioner maintains that the interests of fairness and justice warrant review of his claims on the merits.

For the following reasons, Petitioner's objection is **OVERRULED**.

## I.  STATUTE OF LIMITATIONS

The Ohio Court of Appeals affirmed Petitioner's convictions and sentence on November 1, 2012. Therefore, and contrary to Petitioner's argument here, his judgment of conviction became final on December 15, 2012, when the time period expired to file a timely appeal to the Ohio Supreme Court, and not in July 2015, when the Ohio Supreme Court dismissed his post-conviction appeal. *See Worthy v. Warden*, No. 2:12–cv–652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3e 480, 481 (6th Cir. 2002)). The statute of limitations ran for a period of 270 days, until September 10, 2013, when Petitioner filed a motion for delayed appeal with the Ohio Supreme Court. The statute of limitations was tolled at that time and began to run again on July 9, 2015, when the Ohio Supreme Court dismissed his post-conviction appeal. It expired ninety-five days later, on October 11, 2015. Petitioner nonetheless waited until June 20, 2016, to sign this habeas corpus petition. Further, "[t]he Sixth Circuit Court of Appeals has rejected arguments that a void state court sentence renders the judgment not final for AEDPA statute of limitations purposes." *Gregley v. Bradshaw*, No. 1:14–cv–50, 2014 WL 4699409, at

*14 (N.D. Ohio Sept. 19, 2014) (citing *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 361 (6th Cir. 2013)).

In addition, the record does not indicate that Petitioner has diligently pursued his rights and that some extraordinary circumstances prevented his timely filing such that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010).

The doctrine of equitable tolling should be applied only sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)(citation omitted); *Keeling v. Warden, Lebanon Corr.Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances.

*Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

Bad advice from fellow inmate or other non-lawyers also does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. A'ppx. 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F.Supp. 2d 650, 655 (N.D. Tex. 1998)). A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–cv–1372, 2014 WL 5661023, at *12 (C.D. Cal. Oct. 31, 2014) (citations omitted).

"Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. Apr. 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling.

Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer,* No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se*

representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .")).[1]

A petitioner's mental incompetence or incapacity that prevents his timely filing, however, may provide a basis for equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citations omitted).

> [F]or the mental incapacity of a petitioner to warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition. *See, e.g., Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[Petitioner] must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" (citation omitted)); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.").

*Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010).

## II.  ANALYSIS

Petitioner waited more than ten months after the appellate court's November 1, 2012, decision denying his appeal, until September 10, 2013, to file a motion for delayed appeal in the Ohio Supreme Court. Although he claims that he filed the delayed appeal some months earlier, in March 2013, the record does not support

---

[1] In addition, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted). A "garden variety" claim of excusable neglect, such as the miscalculation that causes an attorney to miss a filing deadline does not warrant equitable tolling of the statute of limitations, although egregious misconduct by counsel may constitute an extraordinary circumstance warranting equitable tolling. *Holland*, v 130 S. Ct. at 2564 (citations omitted). This is not alleged nor is it present here.

this allegation. He then waited more than eleven months after the Ohio Supreme Court's July 2015 dismissal of his post-conviction appeal to execute this habeas corpus petition. Moreover, Petitioner does not indicate, and the record does not reflect, that his mental or physical health prevented him from timely filing his habeas corpus petition. Equitable tolling therefore is not warranted on this basis. *See Ata v. Scutt*, 662 F.3d at 742 (a causal link between the mental condition and untimely filing is required) (citing *McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir. 2008)).

Petitioner asserts the denial of the effective assistance of counsel based on his trial counsel's advice not to accept a three year plea offer, and appellate counsel's failure to raise the issue on appeal. Petition, ECF No. 1 at PAGEID # 5. Such allegations do not warrant equitable tolling of the statute of limitations. Petitioner does not allege, and the record does not reflect, any egregious misconduct on the part of his attorney that prevented him from timely filing this federal habeas corpus petition.

Petitioner maintains that this Court should consider the merits of any time-barred claims in the interest of fairness and justice; however, the one-year statute of limitations may be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11–cv–1271, 2012 WL 487991, at *1 (N.D. Ohio Feb.14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence

means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Lafler*, No. 10–1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). The Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L. Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808. . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589–90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1932–33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup,* 513 U.S. at 332, 327).

Petitioner has failed to provide credible evidence of actual innocence. A review of the record reveals that Petitioner cannot establish a convincing claim of actual innocence. He has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling on this basis.

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 4, is **OVERRULED.** The Report and Recommendation, ECF No. 3, is **ADOPTED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT